**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-02712-CMA

EVA SILVA,

    Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING ALJ'S DECISION DENYING SOCIAL SECURITY BENEFITS**

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Eva Silva's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  Jurisdiction is proper under 42 U.S.C. § 405(g).

**I. BACKGROUND**

Plaintiff first applied for disability benefits on November 2, 1993, alleging she became disabled on January 7, 1991.  (Supp. AR at 25-28, 88.)  Her application was initially denied and she sought review of that determination by an Administrative Law Judge ("ALJ").  After a hearing, ALJ Wayne N. Araki issued a written decision on April 2, 1996, finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (Supp. AR at 12-22.)  After the Appeals Council denied her request for review, (Supp. AR at 4-5), Plaintiff, represented by counsel, filed suit in federal district court on

August 10, 1998 (Supp. AR at 305-09).  On August 16, 2001, Judge Daniel B. Sparr issued an order finding that ALJ Araki's questions to the vocational expert did not include all of Plaintiff's limitations and therefore the expert's testimony could not constitute substantial evidence.  Accordingly, Judge Sparr reversed ALJ Araki's decision and remanded the case.  (Supp. AR at 318-26.)

On remand, ALJ Araki conducted a second hearing to obtain additional vocational expert testimony and issued a decision on July 24, 2003, again finding Plaintiff not disabled through her December 31, 1996 date last insured.  (Supp. AR at 294-99.)  Plaintiff, through her attorney, filed a request to the Appeals Council to review ALJ Araki's second decision.  On November 15, 2004, the Appeals Council notified Plaintiff and her attorney that it declined to assume jurisdiction, that ALJ Araki's July 24, 2003 decision was the final decision in this matter, and that she had a right to seek review of that decision in federal district court.  (Supp. AR at 282-84.)  Plaintiff did not seek review of that decision.

On December 11, 2006, Plaintiff filed a new application for disability insurance benefits, again alleging that she became disabled on January 7, 1991.  (AR at 23.)  After a hearing at which Plaintiff appeared without representation, ALJ William Musseman issued an unfavorable decision on October 2, 2008, finding that Plaintiff's second application was barred by *res judicata*.  (AR at 67-68.)  The Appeals Council granted Plaintiff's request for review and ordered the ALJ to consider whether Plaintiff had submitted new and material evidence since the last adjudication of the prior claim, which would disallow *res judicata* as a bar to her second application.  (AR at 70-71.)

ALJ Musseman held a second hearing, then denied Plaintiff's claim on December 1, 2010, finding that she had not submitted new and material evidence and therefore her second application was barred by *res judicata*. (AR at 23-25.) ALJ Musseman stated that "the evidence contained in the prior paper file and the 'new evidence' submitted did not add anything to that which was previously provided and considered and would not change the outcome of the hearing." (AR at 24.) The Appeals Council denied Plaintiff's request for review and this appeal followed. (AR. at 2-4.)

On October 11, 2012, Plaintiff filed this civil action, seeking judicial review of the denial of Social Security benefits. (Doc. # 1.) On August 17, 2013, Plaintiff filed her Opening Brief. (Doc. # 21.) Defendant, the Commissioner of Social Security, responded on September 16, 2013. (Doc. # 22.)

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In so reviewing, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

### III. ANALYSIS

Plaintiff raises two issues for the Court's review. First, Plaintiff argues that ALJ Musseman erred in determining her claim was barred by *res judicata* without discussing Social Security Ruling (SSR) 91-5p, which provides, in relevant part,

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (*e.g.*, a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review.

1991 WL 208067, at *2. In her cursory two paragraph argument, Plaintiff fails to articulate how this ruling is at all applicable to the *res judicata* analysis, nor does she point to any case law that establishes that the ALJ was required to discuss this ruling. Indeed, the plain language of the ruling demonstrates that it is not applicable. Rather, it is a discretionary mechanism by which the Commissioner may extend the deadline for seeking review of an adverse decision. However, to invoke the Commissioner's duty to analyze whether she established good cause under SSR 91-5p, Plaintiff had to first request an extension of time, in writing, and explain why she missed the deadline to seek review of ALJ Araki's July 24, 2003 decision. *See id.*, at *1 ("The request for an extension of time must be in writing and must give the reasons why the request for review was not timely.")  Plaintiff never made this request.[1]  Rather, more than three

---

[1] If Plaintiff had made this request, the Commissioner's decision as to this request is not subject to judicial review. 20 C.F.R. § 404.903(j).

4

years after ALJ Araki's July 24, 2003 final decision, Plaintiff filed a second application, which proceeded to hearing before an ALJ.

Even if SSR 91-5p were somehow relevant, Plaintiff's reliance thereon fails because Plaintiff was represented by an attorney during her first application for disability benefits.  Therefore, even if she had properly petitioned the Commissioner for an extension of time and proved that her mental incapacity prevented her from timely requesting review, she cannot meet the second requirement—that she had no one legally responsible for prosecuting the claim at the time of the prior administrative action.  Accordingly, Plaintiff is not entitled to relief from the ALJ's decision on this basis.

Next, Plaintiff argues that the ALJ's erroneously concluded that Plaintiff did not submit "new material evidence."  (Doc. # 21, at 5.)  However, this argument is poorly developed, consisting of one paragraph with no citations to case law.  Plaintiff makes no attempt to clarify how the alleged new evidence was material and how such evidence would have undermined the ALJ's findings.  Therefore, the Court will not consider this argument.  *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Miller v. Astrue,* 496 F.App'x 853, 855 (10th Cir. 2012); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal.")

## IV. **CONCLUSION**

Accordingly, it is ORDERED that the ALJ's denial of social security disability benefits is AFFIRMED.   Each party shall bear its own costs and attorney fees.  It is

FURTHER ORDERED that oral argument in this matter, set for January 24, 2014 at 1:30 PM, is VACATED.

DATED:  January  15 , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge